# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| CATHERINE T. RIVERA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV417-007 |
| ANNA HIGHSMITH, and LEM HIGHSMITH, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Proceeding *pro se*, Catherine Rivera sues Anna and Lem Highsmith for "violation of [her] life tenant rights." *See* doc. 1 at 10. She also seeks to proceed *in forma pauperis* (IFP). Doc. 2. Since her Complaint does not establish any basis for this Court's jurisdiction, she must amend it. She also must supplement her IFP application so that the Court can determine whether she is indigent.

### I. Application to proceed *in forma pauperis*

Rivera used this Court's form for her IFP application, but she has not supplied all of the information it requests. Doc. 2. She states that she receives $1,280 payments, but failed to answer the form's question

about how often she receives those payments. *Id.* She has also failed to disclose her regular monthly expenses. *Id.* at 2. Wary of such indigency claims and cognizant of how easily one may consume a public resource with no financial skin in the game,[1] this Court demands supplemental information from dubious IFP movants. *See, e.g., Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346-48 (S.D. Ga. 2013). It will do likewise here.[2] Therefore, within 30 days from the date this Order is filed, Rivera shall disclose to the Court the following information:

---

[1] "[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Courts thus deploy appropriate scrutiny. *See Hobby v. Beneficial Mortg. Co. of Va.*, 2005 WL 5409003 at *7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); *In re Fromal*, 151 B.R. 733, 735 (E.D. Va. 1993) (denying IFP application where debtor was licensed attorney and accountant and she offered no reason why she cannot find employment), cited in *In re Zow*, 2013 WL 1405533 at * 2 (Bankr. S.D. Ga. Mar. 4, 2013) (denying IFP to "highly educated" bankruptcy debtor who, *inter alia*, had "not shown he is physically unable to work or earn income in other ways."); *Nixon v. United Parcel Serv.*, 2013 WL 1364107 at *1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and determined that plaintiff in fact had the ability to pay the court's filing fee).

[2] Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). And second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement*" of IFP actions) (emphasis added); *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) ("There is no question that proceeding *in forma pauperis* is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court.")

(1) How often she receives her $1,280 payment;

(2) What she spends each month -- broken down by category -- for basic living expenses such as food, clothing, shelter, and utilities;

(3) Whether she possesses a cellular telephone, TV set, and any home electronics equipment (include estimated value and related carrying expenses, such as carrier and subscription fees);

(4) Whether she is the account owner, or has signature power, as to any accounts with a bank or other financial institution; and

(5) A list of any other cases showing an indigence-based, filing fee reduction or waiver granted by any other court (include the full case name, case number and the name of the court granting same).

Answering these questions will clarify Rivera's financial condition. In that regard, she must declare the facts she pleads to be true under penalty of perjury. If her response goes beyond the preprinted IFP form (*i.e.*, if she uses a blank sheet of paper), she must insert the following statement, exactly as written, above her signature: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(1). Otherwise, she must use the Court's IFP form and supply *all* of the information requested. The Clerk is **DIRECTED** to serve with this Order a blank IFP form for Rivera's convenience. Failure to comply

with this directive will result in a recommendation of dismissal. *See Kareem v. Home Source Rental*, 2014 WL 24347 at *1 (S.D. Ga. Jan. 2, 2014).

## II. Subject matter jurisdiction

The Court has an obligation to determine "whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Federal courts are courts of limited jurisdiction. It is presumed that a case lies outside that jurisdiction, and the party asserting jurisdiction (here, the plaintiff) bears the burden of overcoming that presumption. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) (cites omitted).

Rivera asserts federal question jurisdiction,[3] but, even liberally construing her Complaint, the Court cannot discern any fact supporting that jurisdiction. She states, without explanation, that her "case" (it's not clear whether she means this case or the proceedings she refers to in the Complaint) "needed to be heard in [f]ederal court," doc. 1 at 3, and that she needs "the magistrate judge to allow this [f]ederal law[,] not regular law[, claim] to be heard in federal court," *id.* at 5. Her allegations do nothing to clarify the federal question allegedly presented. She refers to "life tenant rights," but does not explain the basis for those rights. *See generally* doc. 1. She also refers to possible tort claims, *see id.* at 3 (alleging that she has "evidence of enbesslement [sic]," and that

---

[3] In the civil cover sheet, submitted with her Complaint, she has checked the box indicating "Federal Question" jurisdiction. Doc. 1 at 10. Despite the form's instruction to "Place an 'X' in One Box Only," Rivera has checked three boxes -- in addition to the "Federal Question" box, she has also checked "U.S. Government, Plaintiff" and "U.S. Government, Defendant." *Id.* Since none of the allegations in the Complaint indicate that the U.S. Government is involved in the facts underlying Rivera's Complaint, the Court concludes that those boxes were checked by mistake.

The civil cover sheet also includes a section entitled "Nature of Suit," provided for plaintiffs to indicate the basis of their suit, including common law and statutory causes of action. *Id.* Despite the form's instructions to "[p]lace an 'X' in One Box Only," Rivera has checked 16 boxes. *Id.* The checked boxes suggest that this suit implicates, among other issues, copyrights, the Americans with Disabilities Act, the False Claims Act, the Freedom of Information Act, and the Administrative Procedure Act. *Id.* As explained below, the facts alleged do not support the application of any of the statutes identified. For that matter, the Court will not tolerate "scatter-shot" lawsuits. Even *pro se* litigants must deploy due care to focus their claims or risk *sua sponte* dismissal.

"defendant" "ultimately caused" "a small brain injury"), and breach of contract claims, *id.* (alleging that "[her] sister . . . breached the agreement"). Finally, she objects to unspecified proceedings before an unidentified court. *Id.* at 1 (alleging "she flat out lied to the judge"), 2 (alleging "Life tenant did not have a chance to say one word w / o the threat of jail"), 3 (alleging "the judge would not let me speak"). None of those allegations are sufficient to support this Court's subject matter jurisdiction.

The Court cannot fill in jurisdictional gaps for Rivera. *Boles v. Riva*, 565 F. App'x 845, 846 (11th Cir. 2014) ("[E]ven in the case of *pro se* litigants [where pleadings are construed liberally], this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.") (quotes and cite omitted). Nevertheless, the Court exercises its discretion to give Rivera a second chance. Within 30 days of the date this Order is filed, she must file an Amended Complaint containing a "short and plain statement" of a coherent claim. *See* Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring complaint state sufficient facts to be "plausible on its face"). She need not "present every last

6

detail" of her case, *Swain v. Colo. Tech. Univ.*, 2014 WL 3012693 at * 2 (S.D. Ga. June 12, 2014), but she must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quotes and cite omitted). Those grounds must present the elements of each legal claim, *including the basis for this Court's jurisdiction*,[4] and follow all procedural rules, including Fed. R. Civ. P. 8 & 10. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ([A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules.") The Clerk is **DIRECTED** to serve with this Order a blank complaint form for Rivera's convenience.

---

[4] As has been explained:

> [F]ederal courts have jurisdiction to hear a number of different kinds of cases. The federal courts have federal question jurisdiction over cases that raise claims under federal statutes only, pursuant to 28 U.S.C. § 1331. The federal courts also hear cases raising only state law claims, based on the diversity of citizenship of the parties, under § 1332. Further, the federal courts have jurisdiction over "hybrid" actions, where a pendent state law claim is brought along with a federal question claim in federal court, pursuant to § 1331 and § 1367.

*McDaniel v. Smith*, 2008 WL 4425305 at *10 (S.D. Ga. Sept. 30, 2008).

**SO ORDERED**, this <u>18th</u> day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA