# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| CATHERINE T. RIVERA, | ) |
| Plaintiff, | ) |
| v. | ) CV417-007 |
| ANNA HIGHSMITH, and LEM HIGHSMITH, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Catherine Rivera brought this case to protect her alleged rights as a life tenant, among other claims. *See* docs. 1 & 4. Her original Complaint failed to establish this Court's subject matter jurisdiction and her application to proceed *in forma pauperis* (IFP) failed to establish her indigency. *See* docs. 1 & 2. The Court ordered her to amend her Complaint and supplement her application, doc. 3, and she complied, docs. 4 & 5. Although it appears that she is indigent, the Complaint fails to establish this Court's subject matter jurisdiction. Accordingly, her IFP motion is **GRANTED**, docs. 2 & 5, but her Complaint should be **DISMISSED**.

As the Court's previous Order explained, federal courts are courts of limited jurisdiction, and a plaintiff must overcome a presumption that the federal court lacks jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1993). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) (cites omitted). Courts have an obligation to investigate the basis of their jurisdiction, *see, e.g., Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and if that's lacking, then "the court must dismiss the action," Fed. R. Civ. P. 12(h)(3).

Rivera alleges that this Court has jurisdiction based on the presentation of a federal question.[1] *See* doc. 4 at 6, 8. But the facts she

---

[1] Her amended allegations show that this Court does not have diversity jurisdiction. Diversity jurisdiction requires, among other things, that the parties are "citizens of different States." 28 U.S.C. § 1332(a)(1). "Citizenship is the equivalent of 'domicile' for purposes of diversity jurisdiction . . ." which "is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). Rivera alleges that both she and Anna Highsmith reside in Savannah, Georgia. Doc. 4 at 2. Thus both appear to be citizens of the State of Georgia, precluding diversity jurisdiction.

2

alleges fail to support that. She must plead a specific statutory grant of jurisdiction or that this case arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Whether a claim arises under federal law . . . is generally determined by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001) (quotes and cite omitted).

Rivera's allegations suggest[2] that she seeks to vindicate her rights as a life tenant in the property where she lives or lived, and that Highsmith breached a contract. *See* doc. 4 at 3-5. She also alleges that

---

[2] Rivera's allegations, even as amended, are hardly clear. Where a plaintiff has been allowed to proceed without paying the full filing fee, the Court must "dismiss the case at any time, if the court determines that . . . [it] fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Although Rivera's allegations are cogent enough for the Court to discern their general thrust, it is not clear that they are sufficient to state a claim. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a viable "complaint must contain sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face." (quotes and cite omitted)). But since the Court's subject matter jurisdiction is not sufficiently established, further analysis of the claims' factual bases is unnecessary.

In addition to the amended Complaint Rivera submitted to comply with the Court's directive, she has also submitted a second amended Complaint. That document is a printout of her original filed Complaint with additional marginal notations. Doc. 7. Several of the notations list Mary Highsmith among the defendants, although there are no clear allegations against her. *Id.* at 1, 6. Whatever Rivera's intent in submitting the second amended Complaint, like the first two, it fails to show any basis for this Court's jurisdiction.

Anna Highsmith "took monies from [her] trust fund." *Id.* at 4. All of these claims are creatures of state, not federal, law.[3] *See, e.g.,* O.C.G.A. §§ 44-6-80 - 44-6-90 (governing "life estates" in real property); O.C.G.A. §§ 53-12-1 *et seq.* (The Revised Georgia Trust Code of 2010). Since no federal claims appear on the face of her Complaint, she has not overcome the presumption against jurisdiction, so her Complaint should be **DISMISSED**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

---

[3] Rivera has attached a printout referencing IRS regulations concerning the treatment of life tenancies for tax purposes. *See* doc. 4 at 8. At the bottom of the printout, Rivera has written "[m]ore proof federal law [sic]." *Id.* However, even liberally construed, Rivera's allegations do not implicate federal tax law.

4

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 28th day of March, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA